THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOSHUA ADAM SHUEMAKE,<br>Defendant. | CASE NO. 2:21-CR-00194-RAJ-001<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**INTRODUCTION**

As this Court is aware, Mr. Shuemake was found guilty of Unlawful Possession of a Firearm in violation of 18 U.S.C. Section 922(g)(8) and Obstruction of Justice - Witness Tampering, in violation of 18 U.S.C. Subsections 1512(b)(1), (b)(3), and 2 following a jury trial. He was found not guilty of making a false statement. Mr. Shuemake now appears before this Court for sentencing.

It is requested that this Court recognize there are no victims in this case and that Mr. Shuemake's motivation for his misdeeds was a noble one: to be able to go to work and pay his share of his one-bedroom apartment and make his child support payments. In light of the unique dangers Mr. Shuemake will face in



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

federal custody as a former BOP officer - as well as the health risks associated with the ongoing COVID-19 pandemic – a lengthy sentence of home detention and probation will serve the purposes of the sentencing guidelines without exposing Mr. Shuemake to serious risks to his life. Home detention will allow Mr. Shuemake to work and continue making child support payments.

## BACKGROUND

> "Hard work spotlights the character of people: some turn up their sleeves, some turn up their noses, and some don't turn up at all."
>
> \- Sam Ewing

As a starting point, this Court should recognize that Mr. Shuemake has no prior criminal record. He graduated high school and served almost three years in the military. He had a difficult upbringing but never turned to drugs and frankly has never let that be an excuse. He has chosen the much more pro-social response: to try and give back to his country and his community through service and hard work. However, there is one dark cloud that exists in Mr. Shuemake's life – his relationship with women.

As this Court can see in the presentencing memo provided by probation, Mr. Shuemake's mother turned to prostitution and crack cocaine following her divorce from Mr. Shuemake's father. He was then molested by an older, female babysitter around age seven. Those acts have surely played a role in Mr. Shuemake's numerous failed relationships with women and his children born out of wedlock.



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

They also played a substantial role in what got Mr. Shuemake into this position in the first place. Had he not become involved with A.Q., and never been subject to a Domestic Violence Protection Order, he would have not had to surrender his weapons and the government would have never had a case.

Mr. Shuemake never assaulted A.Q.. He has maintained his innocence in the case and his version tells a very different story of what happened. In a nutshell, *she* was very interested in role-playing and rough sex – routinely chiding him for not being rough enough. She videotaped one of their sexual encounters and only suggested it was assault after finding out Mr. Shuemake was seeing other women. She later left him at a lodge they were staying at together and took his keys. She knew his work uniform was at her house. He snuck into her house, where he was staying, to retrieve his belongings. He did not commit a burglary. The case in King County is pending and very defensible. The prosecutor has offered a misdemeanor resolution with no jail time. Mr. Shuemake has rejected that offer because he asserts he did absolutely nothing wrong.

The Court may have noticed that A.Q. attended Mr. Shuemake's trial. Since finding out Mr. Shuemake was unfaithful, she has set out to destroy his life. She knew a DVPO would likely cost him his job with the Bureau of Prisons and his opportunity to moonlight as an armed private security officer.

Of course, this Court is not tasked with deciding that case, but it is important for the Court to understand the full circumstances. All of Mr. Shuemake's acts in this case were motivated by his desire to be able to work.



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

Surely this Court will recognize the value of that motivation. We live in a society where many look for any excuse not to work – Mr. Shuemake was convicted of breaking the law so he could continue to work. It is consistent with his service to his country and his refusal to blame his difficult childhood on his problems. It is laudable and this Court should take special notice of its significance.

That said, Mr. Shuemake's infidelity has caused this chain of events and while research would certainly suggest a connection between those acts and his childhood experiences, Mr. Shuemake still accepts the blame. He is now a convicted felon and has lost his job with the Bureau of Prisons. He will struggle financially going forward and be limited in his ability to provide for his children.

Prison does not make sense for an offender like Mr. Shuemake. He never hurt anyone. There is no victim to his crimes. His motivations were selfish in that he committed the crimes so he could keep making money, but the money he made was used for a good cause. He was living in a shared one-bedroom apartment - not "living large."

The issues that Mr. Shuemake had with his pretrial probation were all based on his work. While the officers who submitted the sentencing recommendation, Sara Moore and Michael Markham, took umbrage with the pretrial violations, it is worth noting that Mr. Beetham routinely noted that he was in good communication with Mr. Shuemake and that the violations were more technical than intentional – and that they all stemmed from his desire to keep working.



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

This Court should require that Mr. Shuemake receive mental health treatment during probation. It is clear that his childhood experiences are causing him to make poor choices in his sexual relationships. Had he not gotten involved with A. Q. he would not be in front of this Court. He needs professional help to address the very traumatic conditions of his childhood. Home detention, work and therapy will benefit society far more than sending Mr. Shuemake to prison – where he will surely be a target as a former BOP employee.

**CONCLUSION**

For the above stated reasons, it is respectfully requested this Court sentence Mr. Shuemake to a lengthy term of home-monitoring and probation along with mental health treatment.

DATED this 9th day of December, 2022.

______________________________

CASEY ARBENZ, WSBA #40581
Attorney for the Defendant



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013